**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2734
_____

UNITED STATES OF AMERICA

v.

JONATHAN BROWNLEE,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
No. 3:10-CR-00176-001
District Judge: Hon. Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 14, 2019
_____

Before: HARDIMAN, KRAUSE, and PORTER,
*Circuit Judges*.

(Filed: June 19, 2019)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

PORTER, *Circuit Judge*.

Upon his conviction for the receipt and distribution of child pornography in 2012, Jonathan Brownlee was sentenced to 60 months' imprisonment followed by 240 months of supervised release. In 2015 and 2017, he violated the terms and conditions of his supervised release and was sentenced to additional imprisonment and supervised release.

Then, in 2018, Brownlee admitted to several Grade C violations of the terms of his supervised release: he prevented the probation office from supervising his mental health treatment by refusing to sign a privacy waiver; he engaged in unmonitored internet access, which included viewing child pornography; he initiated unauthorized contact with minor girls; and he used controlled substances. Based on these violations, the District Court revoked Brownlee's supervised release and sentenced him to 24 months' imprisonment followed by eight years of supervised release. Brownlee filed a timely notice of appeal. Contending that there are no nonfrivolous issues for appeal, appointed counsel has sought leave to withdraw under *Anders v. California*, 386 U.S. 738 (1967).[1]

"The Court's inquiry when counsel submits an *Anders* brief is … twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "Where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by

---

[1] The District Court had subject matter jurisdiction over the underlying case under 18 U.S.C. § 3231 and jurisdiction over the revocation of supervised release under 18 U.S.C. § 3583(e). This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

the *Anders* brief itself." *Id.* at 301 (citation and internal quotations omitted). A complete scouring of the record is unnecessary. *Id.*

Appointed counsel identifies four potentially appealable issues: the District Court's jurisdiction; the adequacy of the proof underlying the supervised release violations; the voluntariness of Brownlee's admissions; and the reasonableness of his sentence. The portions of the record set forth in appointed counsel's brief support his assertion that no nonfrivolous issue exists for appeal. Brownlee's informal brief and the Government's brief both reinforce that view. There are no jurisdictional issues in this case. The evidence was sufficient for the District Court to find, by a preponderance of the evidence, that Brownlee violated the terms of his supervised release, *see* 18 U.S.C. § 3583(e)(3), and his admissions to those violations were voluntary. And the District Court's sentence was reasonable in light of Brownlee's extensive and repeated violations of the conditions of his supervised release. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

In his informal brief, Brownlee does not contest any of his violations. He admits that he had contact with his neighbor's minor daughter, but protests that she is *now* 18. He admits that he had unmonitored internet access, but shifts the blame for that violation, arguing that it could have been avoided had probation only monitored his internet activity. He admits using illegal substances, but excuses himself, claiming that he was self-medicating. None of these arguments show that the District Court abused its discretion by revoking Brownlee's supervised release.

Appointed counsel's *Anders* brief reflects a conscientious examination of the record. An independent review of that record confirms counsel's contention that there are no

3

nonfrivolous issues for appeal. We will grant counsel's motion to withdraw and affirm the judgment of the District Court. Because the issues presented lack legal merit, counsel is not required to file a petition for writ of certiorari with the Supreme Court of the United States under Local Appellate Rule 109.2(c).